| | |
|---|---|
| 1 | ETHERIDGE LAW GROUP, PLLC |
| | James L. Etheridge (SBN 158629) |
| 2 | Jim@Etheridgelaw.com |
| 3 | Travis Richins (pro hac vice pending) |
| | Travis@Etheridgelaw.com |
| 4 | 2600 East Southlake Blvd Suite 120-324 |
| | Southlake, TX 76092 |
| 5 | (817) 470-7249 - Telephone |
| | (817) 887-5950 – Facsimile |
| 6 | |
| | Jeffrey Francis Craft SBN 147186 |
| 7 | DEVLIN LAW FIRM LLC |
| | 1731 Fox Springs Circle, |
| 8 | Newbury Park, CA 91320 |
| | Telephone: (302) 449-9010 |
| 9 | Facsimile: (302) 353-4251 |
| 10 | *Counsel for Plaintiff* |
| 11 | |
| 12 | Eric A. Buresh (admitted pro hac vice) |
| | eric.buresh@eriseip.com |
| 13 | Michelle L. Marriott (admitted pro hac vice) |
| | michelle.marriott@eriseip.com |
| 14 | Mark C. Lang (admitted pro hac vice) |
| | mark.lang@eriseip.com |
| 15 | Erise IP, P.A. |
| | 7015 College Blvd., Suite 700 |
| 16 | Overland Park, KS 66211 |
| 17 | Phone: (913) 777-5600 |
| | Facsimile: (913) 777-5601 |
| 18 | |
| | Ben M. Davidson (SBN 181464) |
| 19 | ben@dlgla.com |
| | Davidson Law Group, ALC |
| 20 | 4500 Park Granada Blvd, Suite 202 |
| | Calabasas, CA 91302 |
| 21 | Phone: (818) 918-4622 |
| 22 | |
| 23 | *Counsel for Defendants* |

*Case No 2-18-cv-09136-PSG-FFM*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERACTIVE TOYBOX, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>THE WALT DISNEY COMPANY, DISNEY INTERACTIVE STUDIOS, INC., and DISNEY CONSUMER PRODUCTS AND INTERACTIVE MEDIA, INC.<br>　　　　　　　Defendants.<br><br>_____<br>DISNEY INTERACTIVE STUDIOS, INC.<br><br>_____ _ 　Counterclaimant<br><br>　　vs.<br><br>INTERACTIVE TOYBOX, LLC,<br><br>　　　　　Counterclaim Defendant. | Case No. 2:18-cv-09136-PSG-FFM<br><br>**JOINT PROPOSED SCHEDULING ORDER** |

# SCHEDULING ORDER

As set forth in Defendants' Introductory Statement to the Joint Statement Regarding Rule 26(f), filed concurrently, Defendants The Walt Disney Company, Disney Interactive Studios Inc., and Defendant Disney Consumer Products and Interactive Media, Inc. respectfully request that the Court defer entering a schedule until the USPTO issues its Institution Decision on the *Inter Partes* Review Petition on the '565 patent, which will be issued on or before August 22, 2019.

In the event that the Court is not inclined to defer entry of a Scheduling Order, the parties propose that the following deadlines will govern this case.

**Infringement Contentions:** Plaintiff has already served Infringement Contentions operative in this case.

**Invention Date:** In the event that Plaintiff chooses to assert an invention date earlier than the date of application for the asserted patent, then on or before June 28, 2019, Plaintiff will produce all documents evidencing the conception, reduction to practice, design, and development of each claimed invention which were created on or before the date of the application for the patent.

**Invalidity Contentions:**

On or before July 1, 2019, Defendant will provide plaintiff with preliminary invalidity contentions identifying all asserted bases for invalidity as well as a copy of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. The preliminary invalidity contentions shall also identify any grounds of invalidity based on 35 USC 101 or 112, and also include a chart identifying where in each item of prior art each limitation of each asserted claim is found.

**Amendments to infringement or invalidity contentions:** Any amendment or modification of the parties' contentions which a party believes are required in light of either a claim construction ruling by the Court, a permitted modification of an opposing party's contentions, or discovery of prior art or information about the Accused Instrumentality that was not discovered despite an earlier diligent search, shall be made no later than 30 days after any such ruling, modified Contention, or discovery of information.

**Claim Construction:**

1. Parties exchange proposed claim terms for construction: September 20, 2019

2. Parties exchange proposed constructions including identification of supporting intrinsic and extrinsic evidence and identifying any witness, including expert witness, the parties anticipate may testify in support of the proffering party's claim construction: October 4, 2019

3. Stipulated claim constructions to include construction of terms on which the parties agree: October 18, 2019

4. The party claiming patent infringement, or the party asserting invalidity if there is no infringement issue present in the case, shall serve and file an opening brief and any evidence supporting its claim construction by November 22, 2019.

5. The opposing party shall serve and file its responsive brief and supporting evidence by December 13, 2019.

6. Claim Construction Hearing: [date set by Court]

7. **Post-Claim Construction Schedule:**

Defendants' Position: Because Defendants anticipate that certain terms may be dispositive or all or most of the issues in this case, and will significantly impact the scope of the case, Defendants propose that the parties should submit a proposed order to the Court for the remainder of the schedule, including fact discovery, expert discovery, dispositive motions and pretrial deadlines, within 30 days of the issuance of a claim construction order.

Plaintiff States: Defendants have resisted all discovery at every step of this litigation. Defendants have not served invalidity contentions and have not raised any dispositive claim construction positions. Their request to defer entry of a scheduling order, or alternatively, defer entry of any dates beyond claim construction is consistent with Defendants' continued attempts to delay any discovery. Plaintiff requests entry of deadlines concerning experts, discovery, and dispositive motions to avoid any confusion concerning the status of discovery. Alternatively, Plaintiff requests that this Court enter an order clearly indicating that discovery opened when the parties conducted their Rule 26(f) conference pursuant to this Court's order, and that discovery will remain open unless and until Defendants obtain a stay.

**Plaintiff's proposed expert, discovery, and dispositive motions deadline:**

**Experts:**

1. All parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before April 10, 2020. Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil

Procedure 26(a)(2)(B) on or before June 10, 2020. All parties shall file all designations of rebuttal experts and serve on all parties the material required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, 15 days from the receipt of the report of the opposing expert.

2. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within 11 days from the receipt of the written report of the expert's proposed testimony, or within 11 days from the completion of the expert's deposition, if a deposition is taken, whichever is later.

**Discovery:** The parties shall complete all fact discovery on or before February 21, 2020. The parties shall complete all expert discovery on or before October 23, 2020.

**Dispositive motions:** All dispositive motions shall be filed on or before November 20, 2020.

**IT IS SO ORDERED.**

DATED:

_____